IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA

FRANCIS and KRISTIN BURDEN and
KRISTIN BURDEN o/b/o ▮▮▮▮▮▮▮▮
*A minor child.*
    Plaintiff(s),

vs.                                  CASE NO.:

SEACREST SCHOOL INC., d/b/a
SEACREST COUNTRY DAY SCHOOL
    Defendant(s).
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiffs, FRANCIS and KRISTIN BURDEN ("Burden") KRISTIN BURDEN o/b/o ▮▮▮▮▮▮▮▮ a *minor child* ("J.B."), (collectively "Plaintiffs") files this Civil Action and respectfully request this Court to issue injunctive relief, a declaratory judgment and award damages for breach of contract, and Florida law against Defendant, SEACREST SCHOOL INC., d/b/a SEACREST COUNTRY DAY SCHOOL (hereinafter "Seacrest") and alleges as follows:

**INTRODUCTION**

    1.    This action is brought by Plaintiffs FRANCIS and KRISTIN BURDEN on behalf of themselves and their minor child, ▮▮▮▮▮▮▮▮, ("Plaintiffs").

    2.    Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 729 ("Section 504"), prohibits exclusion from participation in, denial of the benefits of, or discrimination against people with disabilities, in any program or activity receiving Federal financial assistance. The claims set forth herein are brought

pursuant to Section 504 and its implementing regulations, 34 C.F.R. §§ 104.4 and 104.33, each of which authoritatively construes Section 504.

3. Section 504 provides a cause of action for money damages and other relief, where an entity operating a program or activity receiving Federal financial assistance, acting with deliberate indifference, discriminates against a person with a disability, and/or fails to provide or otherwise prohibits reasonable accommodation and/or meaningful access to such program of activity. Section 504 applies to all public schools that receive Federal financial assistance, as 29 U.S.C. § 794(b)(3)(A) defines "program or activity" to an "entire corporation…which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation".

4. Defendant, the Seacrest acting with deliberate indifference through one or more of its officials, administrators, agents and/or employees, discriminated against J.B., and failed to provide to him either reasonable accommodation or meaningful access to education at Seacrest, as set out more fully below.

**JURISDICTION AND VENUE**

5. This is an action for injunctive relief, declaratory relief arising under the Title III of the Americans with Disability Act and is brought pursuant to 42 U.S.C. § 12182 *et seq.*, 29 U.S.C 794 *et seq.*  This is also an action for injunctive and declaratory relief arising under Florida Statute §286.0114.

6. Venue is proper in COLLIER COUNTY as all of the acts alleged herein were done by Defendant in Collier County, Florida.

00582

7. This Court is authorized injunctive relief pursuant to Florida Statue §26.012.

8. This Court is authorized to grant Plaintiffs' prayer for relief regarding costs, including a reasonable attorney's fee, under 42 U.S.C. §1988 and Florida Statute §286.0114.

9. Upon information and belief, Defendant Seacrest received Federal Financial Assistance through federal subsidized PPP Loan on or around April 12, 2020 and thus is obligated to comply with section 504.

## PARTIES

10. Plaintiff Burden is a natural born person who resides in Collier County, Florida.

11. Plaintiff J.B. is and was at all relevant times an individual protected under Title III….

12. Defendant Seacrest is Corporation doing business in Collier County, Florida, participating in a Program or activity as set forth in 29 U.S.C. 794.

13. Defendant Seacrest is a private school providing education to children and is, therefore, a place of public accommodation covered by Title III of the ADA. 42 U.S.C. § 12181(7)(J).

## STATEMENT OF FACTS

14. Seacrest is a private school located in Naples, Florida.

00582

15. Each year, parents are required to enter into a contract for enrollment of their children with Seacrest. This contract sets forth the cost of tuition and other essential terms.

16. J.B. began attending Seacrest at the age of 5 years old in 2014.

17. J.B. has been diagnosed with Autism.

18. Plaintiffs renewed their contract for the enrollment of J.B. into Seacrest on or around February 4, 2019 for "all or a portion of the 2019-2020 academic year" **SEE EXHIBIT A**

19. On or around February 21, 2020 Plaintiffs paid a deposit for Tuition in the amount of $5000.

20. Plaintiffs then paid the remaining balance of tuition cost and fees in the amount of $16,355 set forth in the Contract for a total amount of $21,355.00.

21. After some minor credits, the total tuition and costs paid by Plaintiffs was $21,150.00.

22. At all relevant times, Seacrest knew that J.B was an individual with a disability as setforth in the ADA 29 U.S.C. 794 *et seq.*

23. Seacrest had a history of dealing with incidents relating to children with behavioral problems including a few instances with J.B.

24. The COVID-19 pandemic hit and Seacrest transitioned to Online Learning and no further issues occurred.

00582

25. In September 2020, prior to returning to in person school Seacrest required J.B. to undergo an evaluation from a licensed mental health professional.

26. Seacrest provided a list of licensed mental health professionals for Plaintiffs to use.

27. In response to the requirements set forth by Seacrest, Plaintiffs took J.B. to receive the evaluation.

28. The cost of the evaluation was paid for by the Plaintiffs in the amount of $1,500.00

29. A copy of the evaluation was provided to Seacrest and J.B. was allowed to return to the campus.

30. J.B.'s disability led to another incident on or around September 24, 2020.

31. Seacrest then caused to have J.B. removed from campus and required further evaluation for which the Plaintiffs complied. **See Exhibit B- email from Craig Johnson School Counselor.**

32. On or around October 27, 2020, J.B. was dismissed from the school program in its entirety due to his disability.

33. Plaintiffs requested a reasonable accommodation for the disability which was refused by Seacrest.

34. On or around December 17, 2020 Plaintiffs, through undersigned counsel sent a demand for reimbursement of tuition as Seacrest refused to make an accommodation for J.B. **See Exhibit C- First Demand Letter.**

00582

35. Seacrest failed to respond to the demand letter and undersigned counsel renewed the demand again on or around, January 18, 2021. **See Exhibit D- Second Demand Letter.**

36. Seacrest refuses to make accommodations and has refused to reimburse Plaintiffs for tuition lost as a result of Seacrest's failure to comply with Title III of the Americans with Disability Act.

## COUNT I
## FOR INJUNCTIVE RELIEF PURSUANT TO
## 42 U.S.C. § 12188 and 42 U.S.C.A. § 2000a-3

**37.** Plaintiffs incorporates and re-alleges paragraphs 1- 36 by reference.

38. 42 U.S. Code § 12188, provides in relevant part:

In the case of violations of sections 12182(b)(2)(A)(iv) and section [1] 12183(a) of this title …[w]here appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

39. 42 U.S. Code § 12182 prohibits the discrimination of an individual on the basis of his disability "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

40. On or around October 27, 2020 Seacrest did knowingly and willfully discriminated J.B. on the basis of his disability by removing him from the school and failing to provide any reasonable accommodation for such disability.

00582

41. Plaintiffs have retained undersigned law firm and are obligated to pay a reasonable fee for services rendered.

42. All conditions precedent have either been fulfilled or would be futile in so attempting.

WHEREFORE, Plaintiffs request this Court enter a permanent injunction against Defendant Seacrest prohibiting Seacrest from: (a) further discriminating against children with disabilities; (b) failing to provide a reasonable accommodation for children with disabilities and awarding attorney's fees and costs to the Plaintiffs in bringing this action.

## COUNT II
## FOR DAMAGES AND DECLARATORY JUDGMENT-
### Section 504 of the Rehabilitation Act 29 U.S.C. § 794(a)

43. Plaintiffs incorporates and re-alleges paragraphs 1- 36 by reference.

44. J.B. is and was at all relevant times an individual with a disability as defined in 29 U.S.C. 705(9).

45. Seacrest through its officers, agents and employees through bad faith or gross misjudgment on their part discriminated against J.B. in denying him access to the programs of the school when it removed J.B. from attendance at the school and provided no reasonable accommodation for such disability.

46. The discrimination was based solely on J.B.'s disability which causes him to act through impaired cognitive skills.

47. Seacrest's actions, policies and behaviors violate 29 U.S.C. 794. (see 2018 WL 4682023).

48. There is a bona fide need for a declaration that Defendant Seacrest violated 29 U.S.C. § 794(a).

00582

49. Plaintiffs have retained undersigned law firm and are obligated to pay a reasonable fee for services rendered.

50. All conditions precedent have either been fulfilled or would be futile in so attempting.

WHEREFORE, Plaintiffs request that this Court enter a Judgment in their favor and against Seacrest declaring that Seacrest unlawfully discriminated against Plaintiff's and award damages and attorney's fees pursuant to statute.

## COUNT III
## BREACH OF CONTRACT

51. Plaintiffs incorporates and re-alleges paragraphs 1- 36 by reference.

52. Annually, and more specifically on February 4, 2019, the parties entered into a contract for the enrollment of the minor child J.B. into the school in exchange for tuition and fees in the amount of $21,150.00.

53. Defendant breached the contract by failing to provide adequate accommodations for the minor child then removing him from school.

54. Defendant refuses to reimburse the Plaintiff for tuition paid in advance.

55. Plaintiffs have been damaged by Defendant's breach.

56. All conditions precedent to bringing this action have been fulfilled or have been waived by Defendant.

WHEREFORE, Plaintiffs request that this Court enter a Judgment in

00582

their favor and against Seacrest in the amount of $21,150.00 plus costs.

### JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all issues so triable as a matter of law.

Alan Hamisch, Esquire
Attorney for Plaintiffs

By: /s/ Alan. F. Hamisch
Alan F. Hamisch, Esquire
Florida Bar No. 088647


/s/ Michelle Hurvitz
Michelle Hurvitz, Esquire
Florida Bar No. 1004161

Hamisch & Hurvitz, PLLC
501 Goodlette Frank Road, A-210
Naples, FL 34102
239-216-4783
alan@HHLawFL.com
michelle@HHLawFL.com
support@HHLawFL.com

00582