UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FRANCIS BURDEN, KRISTIN
BURDEN, and KRISTIN
BURDEN,

      Plaintiffs,

v.                                           Case No: 2:21-cv-518-SPC-NPM

SEACREST SCHOOL, INC.,

      Defendant.
      /

## OPINION AND ORDER[1]

Before the Court is Plaintiffs Francis, Kristin, and J.B. Burden's Motion to Remand (Doc. 13), along with Defendant Seacrest School, Inc.'s response in opposition (Doc. 16), and the Burdens' reply (Doc. 22). For the below reasons, the Court grants the motion and remands this case to state court.

## BACKGROUND

The Burdens sue Seacrest for breach of contract and disability discrimination after the school expelled their child. They claim Seacrest violated Title III of the Americans with Disabilities Act and Section 504 of the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Rehabilitation Act because their child is autistic. As for the breach of contract claim, the Burdens maintain that Seacrest did not accommodate their child before dismissing him and then refused to return pre-paid tuition.

The Burdens first sued in state court. Seacrest removed the case, invoking federal question jurisdiction. But the Burdens want to return to state court based on a forum selection clause in the parties' Perpetual Enrollment Contract. (Doc. 3-1). The clause says, "The venue of any action hereunder shall lie exclusively within the Circuit Court of Collier County, Florida, and the parties hereto consent to personal jurisdiction and expressly waive all rights to trial by jury." (Doc. 3-1 at 4).

## LEGAL STANDARDS

Forum selection clauses are contracted-for provisions that designate a court or jurisdiction to resolve legal disputes. Courts presume forum selection clauses to be valid and enforceable unless the challenging party "makes a strong showing that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (internal quotations omitted); *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1297-98 (11th Cir. 2021) ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." (citation omitted)). This protects the parties' legitimate expectations of their bargain and furthers vital interests of the justice system. *See Atl. Marine*

2

*Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (internal quotation marks omitted).

A party can defeat the presumption of validity by showing that (1) the clause was "induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Don't Look Media*, 999 F.3d at 1297 (citation omitted).

Against this backdrop, the Court turns to the arguments for and against remand.

## DISCUSSION

For a forum selection clause to apply, it must cover the claims in dispute. Thus, the first issue for consideration is whether the parties' forum selection clause embraces the Burdens' three causes of action against Seacrest. There is no dispute that the breach of contract claim falls under the provision. But the parties disagree about the federal claims. Seacrest argues the forum selection clause is limited to claims about the parties' obligations "hereunder" the Contract. Reading the clause this way means it does not cover the federal statutory claims. The Court disagrees with this interpretation, as it reads "hereunder" too restrictively. The Eleventh Circuit's decision in *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556 (11th Cir. 2016) instructs why.

There, the court interpreted the phrase "any action brought hereunder" in a venue clause to cover "not only breach of contract claims but all claims, including statutory claims, that arise from the contractual relationship between the parties." *Id.* at 560; *see also Slater v. Energy Servs. Group Int'l, Inc.,* 634 F.3d 1326, 1330-31 (11th Cir.2011) (holding that plaintiff's Title VII suit fell under a forum-selection clause in an employment contract applicable to "all claims or causes of actions relating to or arising from the employment agreement").

Here, the federal statutory claims arise under the parties' Contract because the Contract references the Student and Parent Handbook. It says a "[s]tudent's enrollment at the School is subject to the rules and regulations of the school contained in the current Student and Parent Handbook." (Doc. 3-1 at 4). And the Handbook addresses disability discrimination. It says that Seacrest will admit students regardless of disability and does not discriminate against students based on disability "in administration of its educational policies, admissions, and employment policies[.]" (Doc. 22-1 at 3). Because the Contract refers to the Handbook, which promises students a school environment free of disability discrimination, the Burdens' federal statutory claims arise under the Contract. *See generally Quix Snaxx, Inc. v. Sorensen,* 710 So. 2d 152, 153 (Fla. 3d DCA 1998) (where one document "expressly refers

4

to and sufficiently describes another document, the other document, or so much of it as is referred to, is to be interpreted as part of the [first document]")

Because the forum selection clause covers the federal statutory claims, the next question is whether Seacrest has shown that enforcing the clause would be "unfair or unreasonable under the circumstances." *Krenkel*, 579 F.3d at 1281. It has not. Seacrest limits its arguments to the breach of contract claim because it assumed the clause did not cover the remainder of the complaint. And then it only argues that enforcement would be unfair and unreasonable because (1) the Court would have to sever the claims which would be inefficient; and (2) the Burdens waived venue when they demanded a jury trial. Neither reason is persuasive.

Because the forum selection clause covers the federal statutory claims, the Court need not sever them from the Complaint to enforce the clause. What is more, the state court has concurrent jurisdiction to decide the federal statutory claims on remand. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349-50 (11th Cir. 2000) ("[A state court may assume jurisdiction over cases arising under federal laws in the absence of a provision by Congress to the contrary or disabling incompatibility between the federal claims and

5

state-court adjudication." (quotation omitted)). So the parties need not litigate this case in two forums.[2]

Seacrest has likewise showed none of the general reasons that courts may use to set aside a forum selection clause. For example, Seacrest drafted the Contract so it cannot credibly argue the clause was induced by fraud or is overreaching. Nor can it argue that it was not meaningfully informed about the clause. Given Seacrest is a Naples school, the Court is hard pressed to find it would be inconvenienced or unfair to send them back to their bargain-for venue of Collier County. And Seacrest offers no reason enforcing the clause would contravene public policy.

Turning lastly to Seacrest's waiver argument, the Contract's forum selection clause falls under a heading titled, "Governing Law/Waiver of Jury Trial." (Doc. 3-1 at 4). In a single sentence, it both sets the Circuit Court of Collier County as the exclusive venue and says the parties waive all rights to a jury trial. (Doc. 3-1 at 4). Seacrest claims the Burdens acted inconsistent with the forum selection clause by demanding a jury trial, which results in a waiver of all rights under the clause. (*See* Doc. 16 at 6 ("While the cases have generally involved the plaintiff initiating a lawsuit in an alternative forum; here, by initiating litigation for an alternative type of trial (jury trial), which

---

[2] Whether to enforce the Burdens' jury trial waiver is a matter for the state court to decide.

the venue selection provision expressly waives, [the Burdens] equally disregarded and abandoned the venue selection provision in initiating this case.").

Whether the Burdens waived their right to invoke a forum selection clause turns on whether they (1) "substantially participate[d] in [the] litigation to a point inconsistent with an intent to [stay in state court] and (2) whether that participation 'prejudice[d]' the opposing party." *Se. Power Grp., Inc. v. Vision 33, Inc.*, 855 F. App'x 531, 534-35 (11th Cir. 2021) (citation omitted). Here, the Burdens have acted consistently with wanting to enforce the forum selection clause. They moved to remand less than two weeks after removal. And because this case is at the early stages of litigation, the Court sees no prejudice to Seacrest in returning to state court.

In conclusion, Seacrest has not made a sufficient showing to overcome the presumptively valid and enforceable forum-selection clause it drafted and signed. The Court thus grants the motion and remands the case.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs Francis, Kristin, and J.B. Burden's Motion to Remand (Doc. 13) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is **DIRECTED** to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

4. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2021.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record